THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEILANI WRIGHT,<br><br>               Plaintiff,<br><br>   v.<br><br>BELFOR USA GROUP, INC.,<br><br>               Defendant. | CASE NO. C24-0907-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's partial motion to dismiss (Dkt. No. 9). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I.  BACKGROUND

This is an employment dispute between Plaintiff Leilani Wright and her former employer, Belfor USA Group, Inc. ("Defendant"). (*See* Dkt. No. 2-1 at ¶¶ 1.2–1.3, 2.2.) According to the complaint, Plaintiff worked for Defendant from 2011–2021. (*See id*. at ¶¶ 2.2, 2.166–2.167.) Plaintiff alleges that, throughout her tenure, Defendant and its employees subjected her to various abuses, including, amongst other things: drugging her, (*see id*. at ¶ 2.6); using profanity in her presence and belittling her, (*see id*. at ¶ 2.13); requiring her to endure shifts

lasting over 24 hours, (*see id*. at ¶ 2.13); adjusting her payroll so as "to eradicate any possibility of overtime," (*see id*. at ¶ 2.137); and sexually assaulting, harassing, and threatening her, (*see id*. at ¶¶ 2.34–2.51). Plaintiff further alleges that she sustained injuries as a result of her work, and that Defendant's inability to provide reasonable accommodations for her injuries resulted in her eventual termination. (*See id*. at ¶¶ 2.95–2.171.) Plaintiff brought suit in King County Superior Court. (*See generally id.*) Defendant removed the action to this Court based on diversity jurisdiction. (*See generally* Dkt. No. 2.)

The complaint brings the following causes of action: (1) negligent infliction of emotional distress and defamation of character; (2) unlawful retaliation in response to Plaintiff's worker's compensation claim; (3) discrimination; (4) unlawful retaliation in response to Plaintiff's report of sexual assault and gender discrimination; (5) unlawful retaliation in response to Plaintiff's Washington Law Against Discrimination ("WLAD") claim; (6) failure to accommodate under WLAD; (7) wage theft; and (8) failure to pay outstanding wages. (Dkt. No. 2-1 at ¶¶ 3.2–3.45.) Defendant moves to dismiss Claims 1, 6, 7, and 8 pursuant to Rule 12(b)(6). (Dkt. No. 9 at 6.)

## II.     DISCUSSION

### A.     Legal Standard

Dismissal is proper when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In turn, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. As such, a plaintiff must provide grounds for their entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007).

### B. First "Cause" of Action – Certain State Tort Claims

Plaintiff's first cause of action is, in fact, a "blend"[1] of two separate state law claims: (1) negligent infliction of emotional distress ("NIED") and (2) defamation.

#### 1. NIED

Defendant seeks to dismiss Plaintiff's NIED claim on the grounds that the alleged conduct supporting this claim is duplicative of Plaintiff's sexual harassment claim. (*See* Dkt. No. 9 at 8.) In so arguing, Defendant cites *Francom v. Costco Wholesale Corp.*, wherein the Washington Court of Appeals held that the trial court properly dismissed the plaintiffs' NIED claim at the summary judgment stage because its underlying factual basis was the same as that of the plaintiffs' discrimination claim. *See* 991 P.2d 1182, 1192 (Wash. Ct. App. 2000). Defendant argues *Francom* stands for the proposition that, where an "NIED claim is improperly duplicative," it should be dismissed. (Dkt. No. 9 at 8.)

However, Defendant conflates the issue of pleading standards with that of double recovery. In general, "[b]ecause the law will not permit a double recovery, a plaintiff will not be permitted to be compensated twice for the same emotional injuries." *Francom*, 991 P.2d at 1192 (Ct. App. Wash. 2000). The key point, however, is that a plaintiff may not recover emotional damages under two separate claims if the emotional injury alleged for both claims arises from the same set of underlying facts. *See Nygren v. AT&T Wireless Servs., Inc.*, 2005 WL 1244976 slip op. at 1 (W.D. Wash. 2005). Indeed, *Francom* does not require a court to dismiss emotional distress claims to the extent they are duplicative; instead, it merely establishes that a plaintiff "cannot win 'double recovery' under discrimination and negligence theories" to the extent the underlying facts supporting each claim are duplicative. *Neravetla v. Virginia Mason Med. Ctr.*, 2014 WL 12787979, slip op. at 5 (W.D. Wash., 2014). Accordingly, at this stage, Defendant's

---

[1] Here, the Court borrows Defendant's characterization of Plaintiff's first cause of action. (*See* Dkt. No. 9 at 8.)

concerns regarding "improperly duplicative" claims are premature. *See id.*

The Court DENIES Defendant's motion to dismiss the NIED claim.

### 2. Defamation

To establish a claim of defamation under Washington law, a plaintiff must show: (1) a false statement; (2) lack of privilege to make the otherwise false statement; (3) fault; and (4) damages. *See Phillips v. World Publ'g Co.*, 822 F. Supp. 2d 1114, 1118 (W.D. Wash. 2011).

Defendant argues that Plaintiff fails to sufficiently plead even the first element of a defamation claim because the complaint does not identify a false statement, when that false statement was uttered, or to whom. (Dkt. No. 9 at 9.) The Court agrees. Plaintiff's defamation claim consists of a singular conclusory statement: "Defendant and Mr. Canty's denial of the true events caused Plaintiff to be defamed in the community and resulted in substantial damages, including the inability to work, fearful and anxious going to work every day, and permanent damage to her reputation," and nothing more. (Dkt. No. 2-1 at ¶ 3.3.) Aside from this wholly conclusory statement, Plaintiff neglects to provide further detail on the nature of the statements themselves or to whom they were made.

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's defamation claim with leave to amend.

### C.   Sixth Cause of Action – Failure to Accommodate Under WLAD

A WLAD failure to accommodate claim requires four elements: (1) the plaintiff suffered from a disability; (2) the plaintiff was qualified to do the job at issue; (3) the plaintiff gave their employer notice of the disability; and (4) upon notice, the employer failed to reasonably accommodate that disability. *See Bell v. Boeing Company*, 599 F. Supp. 3d 1052, 1069 (W.D. Wash. 2022) (citing *LaRose v. King Cnty.*, 437 P.3d 701, 721 (Wash. Ct. App. 2019)).

Defendant argues that Plaintiff's failure to accommodate claim is mostly a "formulaic recitation of (some of) the elements," thus warranting dismissal. (Dkt. No. 9 at 10.) Again, the Court agrees. To be sure, Plaintiff, in her myriad of factual allegations, manages to sufficiently

plead the first three elements of her failure to accommodate claim. First, Plaintiff alleges that she suffered from a disability in the form of a torn rotator cuff and bicep tendon. (Dkt. No. 2-1 at ¶¶ 2.111, 2.118.) Second, the Court reads Plaintiff's examples of the accolades she received from her colleagues as sufficient pleadings of her qualification to do the job at issue.[2] (Dkt. No. 2-1 at ¶¶ 2.143–2.144.) Third, Plaintiff alleges that Defendant (a) offered her an employment letter "outlining accommodations for her physical restrictions" and (b) assigned her to perform "light-duty office tasks" in response to Plaintiff's request for accommodation, thus sufficiently showing that Defendant was on notice of her disability. (Dkt. No. 2-1 at ¶¶ 2.119, 2.122.)

However, Plaintiff fails to sufficiently plead the final element—that, upon notice, Defendant failed to reasonably accommodate her disability. Plaintiff merely states that Defendant "failed to accommodate Plaintiff's physical limitation by failing to engage in the interactive process with her and by terminating her for having a disability," without more. (Dkt. No. 2-1 at ¶ 3.32.) Plaintiff does not provide any indication of *how* Defendant failed to accommodate her—that is, she does not allege any facts to suggest that the accommodation Defendant provided her (*i.e.*, "light-duty office tasks") was unreasonable or insufficient. In fact, and as noted, Plaintiff herself alleges that Defendant (a) offered her an employment letter "outlining accommodations for her physical restrictions" and (b) assigned her to perform "light-duty office tasks" in response to Plaintiff's request for accommodation. (Dkt. No. 2-1 at ¶¶ 2.119, 2.122.) Taking Plaintiff's own allegations as true, this Court cannot reasonably infer that Defendant failed to accommodate her disability.

As such, Plaintiff has failed to state a failure to accommodate claim, and the Court GRANTS Defendant's motion to dismiss this cause of action with leave to amend.

---

[2] For example, Plaintiff alleges that her colleagues "praised the Plaintiff's exemplary work ethic and the positive impact it had on their own responsibilities." (Dkt. No. 2-1 at ¶¶ 2.144.)

      **D.      Seventh and Eighth Causes of Action – Wage and Labor Code Violations**

            1.    <u>Wage Rebate Act Claim</u>

To assert a claim under Washington's Wage Rebate Act ("WRA"), a plaintiff must show that an employer "willfully and with intent to deprive the employee of any part of his or her wages" paid the plaintiff "a lower wage than the wage such employer is *obligated* to pay such employee by any statute, ordinance, or contract[.]" RCW 49.52.050(2) (emphasis added).

The Ninth Circuit has interpreted the word "obligated" to indicate "a pre-existing duty imposed by contract or statute," and thus the statute does not apply in cases where "there is a bona fide dispute as to whether the employer is obligated to pay the amounts in question." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203–04 (9th Cir. 2002). More still, "Washington courts have not extended RCW § 49.52.050 to situations where employers violate anti-discrimination statutes." *Id*. at 1203. As such, violations of RCW 49.52.050 are typically upheld only "where an employer consciously withholds a quantifiable and undisputed amount of accrued pay," such as in cases of failure to pay wages or failure to issue regular paychecks. *Id*.

Defendants argue that Plaintiff's WRA claim (a) once again merely recites "the elements of a potential claim under the WRA," and (b) otherwise fails to identify any contract or statute under which Defendant was "obligated" to pay Plaintiff more. (Dkt. No. 9 at 11.) Once again, the Court agrees. Plaintiff's WRA claim is a formulaic and conclusory recitation of RCW 49.52.050(2). (*See* Dkt. No. 2-1 at ¶¶ 3.34-3.39.) Indeed, Plaintiff alleges that "Defendants paid Plaintiff a lower wage than they were obligated to pay her pursuant to contract or statute," (*id*. at ¶ 3.37), but does not specify *what* contract or *which* statute. (*See id.*) And while Plaintiff suggests that she "[took] on additional duties without a corresponding increase in pay or training," she does not otherwise cite to any law or contract that would have required Defendant to increase Plaintiff's wages when it assigned her with said "additional duties." (*Id*. at ¶ 2.130.)

Furthermore, in an attempt to understand the underlying "obligation" of Plaintiff's WRA claim, Defendant speculates that Plaintiff bases her WRA claim on Washington's

ORDER
C24-0907-JCC
PAGE - 6

1  antidiscrimination statutes. (*See* Dkt. No. 9 at 11.) But, as Defendant rightfully notes, "a claim
2  under the WRA does not exist where there is a 'bona fide' or 'fairly debatable' dispute," as is the
3  case with Plaintiff's antidiscrimination claim. (Dkt. No. 9 at 11.) And, in any event, Washington
4  courts have yet to interpret violations of antidiscrimination statutes as an "obligation" under the
5  WRA. *See Hemmings*, 285 F.3d at 1203 (9th Cir. 2002).[3]

Accordingly, Plaintiff has failed to state a claim under the WRA, and the Court GRANTS Defendant's motion to dismiss Plaintiff's WRA claim with leave to amend.

    2. <u>Wage Payment Act Claim</u>

Under the Wage Payment Act ("WPA"), "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period . . . ." RCW 49.48.010(2).

Defendant argues that Plaintiff failed to allege any facts in support of her WPA claim. (*See* Dkt. No. 9 at 12.) Here, the Court disagrees. Plaintiff alleges at least one fact that supports her wage theft claim. Indeed, Plaintiff provides that, after working more than her allotted forty hours a week, "Mr. Daviscourt instructed payroll to adjust her clock-out time to eradicate any possibility of overtime" and that these potential overtime wages "remain unpaid up to the present date." (Dkt. No. 2-1 at ¶¶ 2.136–2.138.)[4] If taken as true, which the Court is required to do so

---

[3] In her reply (Dkt. No. 15), Plaintiff argues that her claim "is not solely based on antidiscrimination statutes but also on the assertion that Belfor had a statutory obligation to pay her wages," yet still fails to specify the basis of said "statutory obligation." (*Id*. at 5.)

[4] Defendant also argues in its reply (Dkt. No. 16) that Plaintiff's wage theft claim fails because the WPA "contemplates wages owed for work performed in the pay period *immediately preceding* a plaintiff's termination" (emphasis added), and Plaintiff "did not work overtime in the 'pay period' immediately preceding her termination;" thus, Defendant could not possibly owe Plaintiff for overtime work performed in the pay period immediately preceding her termination. (*Id*. at 6–7.) Here, Defendants rely on *Escobar v. Baker*, which states: "The Court concludes that RCW 49.48.010 applies only to deductions at the end of the final pay period after the employee ceases working." 814 F. Supp. 1491, 1507 (W.D. Wash. 1993). However, Defendant misinterprets this sentence of *Escobar*. In *Escobar*, the court dismissed the plaintiffs'

here, then Plaintiff has plead sufficient factual content to reasonably infer that Defendant may owe Plaintiff wages pursuant to RCW 49.48.010(2).

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's WPA claim.

## III.   CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss (Dkt. No. 9) is GRANTED in part and DENIED in part. Specifically, the Court GRANTS Defendant's motion to dismiss Plaintiff's claims for defamation, failure to accommodate, and violation of the Wage Rebate Act (Counts I (defamation), VI, and VII), with leave to amend. Any amendment is due within 30 days of this order. Plaintiff's remaining claims survive.

DATED this 22nd day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

wage theft claim because the plaintiffs had sought to recover for deductions made to paychecks they received *while* they were still employed, and RCW 49.48.010 only applied to paychecks received *after* an employee ceases to work. *See id*. at 1506–07. Here, however, Plaintiff is not seeking to recover for deductions made to paychecks she received *during* her employment, but rather for outstanding overtime wages she asserts were withheld from her final paycheck *after* she was terminated. (*See* Dkt. No. 2-1 at ¶¶ 3.42–3.43.) This falls squarely within the ambit of a wage theft claim. *See Vale v. City of Seattle*, 2024 WL 3043592, slip op. at 10 (W.D. Wash. 2024) ("To assert a plausible wage theft claim, Plaintiffs would need to assert a separate cause of action alleging, for example, that Defendants did not pay Plaintiffs for all hours worked before they were terminated from their employment").